# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | )  09 C 1772 |
| v. | ) |
| | )  Wayne R. Andersen |
| CITY OF CHICAGO, et al., | )  District Judge |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendants' motions to dismiss. Plaintiff Michael Moore has filed a four-count second amended complaint against defendants Chicago Police Officer Joe Parker and the City of Chicago alleging violations of plaintiff's right under the Fourth and Fourteenth Amendments pursuant to 28 U.S.C. § 1983 against Officer Parker and a *Monell* claim and state law claims of respondeat superior and indemnification against the City of Chicago. Defendants have filed motions to dismiss plaintiff's second amended complaint. For the following reasons, the motions to dismiss are granted with prejudice.

## BACKGROUND

In the second amended complaint, plaintiff alleges that Officer Parker arrested plaintiff on March 23, 2007 and charged him with driving under the influence of alcohol. 2nd Am. Compl ¶¶9-10. Plaintiff alleges that as a result of Officer Parker's conduct, plaintiff was deprived of "fair criminal proceedings by engaging in multiple acts including, but not limited to, submitted false charges that he affirmed in the arrest report, law enforcement reports, and criminal complaints; failing to adequately investigate the criminal charges against Plaintiff and otherwise proceeding in a manner that would deny the Plaintiff a fair trial." 2nd Am. Compl ¶ 20. Plaintiff further

alleges that "[o]n December 12, 2008, all of the charges were dismissed by the Criminal Court of the Circuit Court of Cook County." 2nd Am. Compl. ¶ 13.

Plaintiff filed his initial complaint on March 22, 2009 against defendants Officer Parker and the City of Chicago. Defendants filed motions to dismiss. In response to motions to dismiss, plaintiff agreed that one count should be dismissed and then filed a first amended complaint. Defendants again moved to dismiss the first amended complaint. In lieu of responding substantively to defendants' motions to dismiss, plaintiff sought leave to file a second amended complaint, which was granted. Defendants have filed motions to dismiss plaintiff's second amended complaint.

**ANALYSIS**

A motion to dismiss pursuant to Federal Rule 12(b)(6) should be granted if the challenged pleading fails to state a claim upon which relief can be granted. *Corcoran v. Chicago Park District*, 875 F.2d 609, 611 (7th Cir. 1989). Such a motion tests the sufficiency of the complaint, not the merits of the suit. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Although when considering a motion to dismiss a court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom, a court is not obliged to accept a complaint that merely raises the possibility of relief. *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). Bare assertions amounting to nothing more than "labels and conclusions" or a "formulaic recitation of the elements" of a constitutional claim are conclusory and not entitled to be assumed true. *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009), citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, to survive dismissal, a complaint must assert sufficient facts to state a claim that is "plausible on its

2

face;" the plausibility standard is not the same as probability and requires "more than a mere possibility" that a defendant has acted improperly. *Id.*

## I. Count I Fails To State A Viable Due Process Claim

Count I alleges violations of plaintiff's right under the Fourth and Fourteenth Amendments. Specifically, plaintiff alleges that Officer Parker deprived plaintiff of "fair criminal proceedings by engaging in multiple acts including, but not limited to, submitted false charges that he affirmed in the arrest report, law enforcement reports, and criminal complaints; failing to adequately investigate the criminal charges against Plaintiff and otherwise proceeding in a manner that would deny the Plaintiff a fair trial." 2nd Am. Compl ¶ 20. These allegations combine elements of false arrest and malicious prosecution. However, the Seventh Circuit has held that there is no cause of action for malicious prosecution under § 1983. *See Newsome v. McCabe*, 256 F.3d 747 (7th Cir. 2001).

In *Newsome*, the Seventh Circuit found that a claim of deprivation of liberty from a prosecution and contrived conviction is "in essence" a claim for malicious prosecution, not a due process violation. *Id.* at 751. The Seventh Circuit held that the existence of a state law remedy for malicious prosecution foreclosed any federal constitutional remedy under the guise of "due process" for the same tort. *Id.* In a later case, the Seventh Circuit further held that a plaintiff cannot state a substantive due process claim by combining what are essentially claims for false arrest under the Fourth Amendment and state law malicious prosecution into a sort of hybrid substantive due process claim under the Fourteenth Amendment. *See McCann v. Mangialardi*, 337 F.3d 782, 789 (7th Cir. 2003). The Seventh Circuit re-emphasized its holding in *McCann* in its recent decision in *Brooks v. City of Chicago*, 564 F.3d 830 (7th Cir. 2009). In *Brooks*, the

3

plaintiff asserted that criminal proceedings were instituted against him based on false evidence and false testimony by defendant officers in violation of his due process rights under § 1983. *Id.* at 851. The Seventh Circuit upheld the district court's dismissal of these allegations, finding the claim to be, "in essence, one for malicious prosecution, rather than a due process violation." *Id.* at 833.

In this case, plaintiff alleges that Officer Parker submitted false charges and false reports that led to the institution of criminal proceedings against him. These allegations improperly combine a Fourth Amendment false arrest claim with a claim for malicious prosecution and are similar to the hybrid claims rejected by the Seventh Circuit in *McCann* and *Brooks*. Therefore, Count I is dismissed for failure to state a viable due process claim.

## II. There Is No Basis To Impose Liability On The City

Counts II is a *Monell* claim brought against the City of Chicago seeking relief for an alleged failure to train and supervise. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 695 (1978). However, there can be no § 1983 claim against a municipality unless there is an underlying constitutional violation. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Because plaintiff has not alleged against Officer Parker a cognizable constitutional injury, his claim against the City fails. Therefore, Count II is dismissed.

Count III seeks to hold the City vicariously responsible for Officer Parker's alleged conduct pursuant to the doctrine of respondeat superior. The only claim against Officer Parker is a § 1983 claim. However, the doctrine of respondeat superior cannot be used to impose § 1983 liability on the City. *Monell*, 436 U.S. at 690-91; *see also McTigue v. City of Chicago*, 60 F.3d 381, 383 (7th Cir. 1995). Therefore, Count III is dismissed.

4

Count IV seeks to hold the City vicariously liable for claim against Officer Parker pursuant to statutory indemnity. However, the Illinois Tort Immunity Act provides that a "local public entity is not liable for any injury resulting from an act or omission of its employees where the employee is not liable." 745 ILCS 10/2-109. Since the claim against Officer Parker in Count I is improper and subject to dismissal, there is no basis for imposition of liability on the City pursuant to 745 ILCS 10/9-102. Therefore, Count IV is dismissed.

## CONCLUSION

For all of the reasons set forth in the Court's Memorandum Opinion and Order, defendants' motions to dismiss are granted, and plaintiff's second amended complaint is dismissed with prejudice. This is a final and appealable order.

_____
Wayne R. Andersen
United States District Judge

Dated: April 27, 2010